Lynda T. Bui - Bar No. 201002
Brandon J. Iskander - Bar No. 300916
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:   (949) 340-3400
Facsimile:   (949) 340-3000
Email:       LBui@shulmanbastian.com
             BIskander@shulmanbastian.com

Proposed Attorneys for Plaintiff Charles W. Daff,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br>**MARIA G. MIRELES,**<br>　　　Debtors.<br><br>**CHARLES W. DAFF, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of MARIA G. MIRELES,**<br>　　　Plaintiff,<br>　vs.<br>**PRISCILla CRYSTAL AYALA MIRELES, an individual,**<br>　　　Defendant. | Case No. 6:21-bk-13110-SC<br><br>Chapter 7<br><br>Adv No.<br><br>**COMPLAINT FOR:**<br><br>1. **AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548, 550, 551; CAL. CIV. CODE §§ 3439.04, 3439.07, 3439.08];**<br><br>2. **AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548, 550, 551; CAL. CIV. CODE §§ 3439.04, 3439.05, 3439.07, 3439.08, 3439.09];**<br><br>3. **DISALLOWANCE OF CLAIMS [11 U.S.C. §502(d)];**<br><br>4. **UNJUST ENRICHMENT [11 U.S.C. § 105];**<br><br>5. **DECLARATORY RELIEF [11 U.S.C. §§ 541, 544, 548; FRBP 7001(9)]; AND**<br><br>6. **TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. § 542]** |

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7777-000/11/Mireles Compalint

1

Charles W. Daff, solely in his capacity as the duly-appointed, qualified, and acting Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of Maria G. Mireles ("Debtor"), hereby brings this Complaint against Priscilla Crystal Ayala Mireles ("Defendant") and respectfully complains and alleges as follows:

## I. STATEMENT OF JURISDICTION AND VENUE

1. This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure, Rules 7001(1) (a proceeding to recover money or property) and (9) (a proceeding to obtain a declaratory judgment relating to any of the foregoing).

2. Plaintiff, as Trustee for the Debtor's Estate has standing to bring this action under 11 U.S.C. §§ 323, 541, 544, 548 and 550.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the Debtor's bankruptcy pending in the United States Bankruptcy Court for the Central District of California, Riverside Division entitled In re Maria G. Mireles, Case No. 6:21-bk-13110-SC on the Court's docket.

4. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) (matters concerning the administration of the Estate), (b)(2)(E) (orders to turn over property of the estate), and (b)(2)(H) (proceeding to determine, avoid or recover fraudulent conveyances). To the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

5. Venue is proper in this District pursuant to, as this adversary proceeding arises under Title 11, or arises under or relates to a case under Title 11, which is pending in this District and does not involve a consumer debt less than $20,450.00.

6. To the extent that the Plaintiff asserts claims under 11 U.S.C. §§ 544 and 548, the Plaintiff is informed and believes and based thereon alleges that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or are not allowable under 11 U.S.C. § 502(e), who can avoid the respective transfers as set forth hereinafter under California or other applicable law.

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7777-000/11/Mireles Compalint

2

## II. PARTIES

7. Plaintiff is the duly-appointed, qualified, and acting Chapter 7 Trustee for the Debtors' Estate, and brings the claims asserted herein in that capacity.

8. Plaintiff is informed and believes and thereon alleges that the Defendant is an individual residing in the County of Riverside, State of California.

## III. GENERAL ALLEGATIONS

9. The Debtor filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code on June 4, 2021 ("Petition Date").

10. The Plaintiff is informed and believes that Defendant is the Debtor's daughter.

11. The Plaintiff is informed and believes that on December 16, 1992, the Debtor acquired the real property located at 565 Iroquois Road, Perris, CA 92570, Assessor Parcel No. 326-211-012 ("Property"), in Riverside County, California with her late husband Federico L. Mireles. Title in the Property was vested in "Federico L. Mireles and Maria G. Mireles, Husband and Wife as Joint Tenants" pursuant to Document Number 1992-0479443 ("December 1992 Grant Deed"). A true and correct copy of the December 1992 Grant Deed is attached hereto as **Exhibit "1.**

12. The Plaintiff is informed and believes that the Property was community property of the Debtor and her late husband because it was acquired on or after January 1, 1975. In re Brace, 9 Cal. 5th 903, 924 (2020). Community property is property of the Estate pursuant to 11 U.S.C. § 541(a)(2).

13. The Plaintiff is informed and believes that on February 5, 2020 by Grant Deed recorded in the Official Records of the Riverside County Recorder's Office as Document Number 2020-0056601, the Debtor and her late husband transferred the Property from themselves, husband and wife as joint tenants, to "Priscilla Crystal Ayala Mireles, as a single woman" ("February 2020 Grant Deed" or "Transfer"). The February 2020 Grant Deed indicates that it is for no consideration because the Documentary Transfer Tax listed on Transfer deed is "$0." A true and correct copy of the February 2020 Grant Deed is attached hereto as **Exhibit "2."**

///

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7777-000/11/Mireles Compalint

3

14. The Plaintiff is informed and believes that the Property had a fair market value of $200,000.00 at the time of the Transfer and that the consideration received by the Debtor in exchange for the Transfer was less than reasonably equivalent value.

15. Notwithstanding the Transfer, the Debtor remains in possession of the Property and was, at all relevant times alleged herein, the owner of the Property.

16. The Plaintiff is informed and believes, and based thereon alleges that notwithstanding the Transfer, the Defendant never took sole possession of the Property.

17. The Plaintiff is informed and believes that the Defendant did not pay the Debtor any consideration in exchange for the Property.

18. The Plaintiff is informed and believes that the Defendant did not pay down any debt secured by the Property.

19. The Plaintiff is continuing his investigation to determine whether additional avoidable transfers were made to the Defendant during the four (4) years prior to the Petition Date and reserves the right to amend this Complaint to recover any such additional avoidable transfers. The Plaintiff is informed and believes, and based thereon alleges, that any funds paid to the Defendant during the four (4) years prior to the Petition Date were preferential and/or fraudulent and are recoverable by Plaintiff under the Bankruptcy Code.

## IV.    FIRST CLAIM FOR RELIEF

**[Avoidance and Recovery of Intentional Fraudulent Transfers]**

**[11 U.S.C. §§ 544, 548, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.07, 3439.08]**

20. Plaintiff hereby incorporates by reference paragraphs 1 through 19 and realleges these paragraphs as though set forth in full.

21. Plaintiff is informed and believes, and based thereon alleges, that there are present creditors of the Debtor that were listed at the time of the Transfer that still remain unpaid as of the Petition Date. Plaintiff is informed and believes, and based thereon alleges, that future creditors of the Debtors existed following the transfer who remain unpaid as of the Petition Date.

22. The Transfer as alleged in Paragraph 13 is of the Debtor's property.

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7777-000/11/Mireles Compalint

4

23. The Transfer was made on or within four (4) years of the Petition Date, but in no event longer than seven (7) years prior to the Petition Date.

24. The Transfer was made with the intent to hinder, delay, or defraud the Debtor's creditors.

25. The Transfer was for no consideration or for less than reasonably equivalent value.

26. The Transfer was made at a time when the Debtor was insolvent and/or rendered insolvent by virtue of said Transfer.

27. The Transfer was to or for the benefit of insiders of the Debtor.

28. The Debtor retained possession or control of the Property after the Transfer.

29. Before the Transfer was made, the Debtor had been sued.

30. The Transfer was of substantially all of the Debtor's assets.

31. The value of consideration received by the Debtor for the Transfer was not reasonably equivalent to the value of the asset transferred or the amount of debt incurred.

32. The Transfer occurred shortly before or after a substantial debt was incurred.

33. Based on the foregoing, Plaintiff may avoid the Transfer and recover the value of the Transfer and/or the Property transferred, with an automatic preservation of the Transfer for the benefit of the Estate, pursuant to 11 U.S.C. §§ 544, 548, 550, and 551, and California Civil Code §§ 3439.04, et seq.

## V.    SECOND CLAIM FOR RELIEF

**[Avoidance and Recovery of Constructive Fraudulent Transfers]**

**[11 U.S.C. §§ 544, 548, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07, 3439.08, 3439.09]**

34. Plaintiff hereby incorporates by reference paragraphs 1 through 19 and realleges these paragraphs as though set forth in full.

35. Plaintiff is informed and believes, and based thereon alleges, that there are present creditors of the Debtor that were listed at the time of the Transfer that still remain unpaid as of the Petition Date. Plaintiff is informed and believes, and based thereon alleges, that future creditors of the Debtor existed following the Transfer who remain unpaid as of the Petition Date.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7777-000/11/Mireles Compalint

5

36. Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made on or within four (4) years of the Petition Date, but in no event longer than seven (7) years prior to the Petition Date.

37. Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made:

    (a) For less than reasonably equivalent value, or any value, and

    (b) At a time when the Debtor was insolvent and/or was rendered insolvent by virtue of the Transfer, and/or

    (c) While the Debtor was engaged or about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, and/or

    (d) While the Debtor intended to incur, or believed, or reasonably should have believed the Debtor would incur debts beyond the Debtor's ability to pay them as they became due, and/or

    (e) The Debtor made the Transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

38. Based on the foregoing, Plaintiff may avoid the Transfer and recover the value of the Transfer and/or the Property transferred, with an automatic preservation of the Transfer for the benefit of the Estate pursuant to 11 U.S.C. §§ 544, 548, 550, and 551, and California Civil Code §§ 3439.04, et seq.

## VI.   **THIRD CLAIM FOR RELIEF**

**[Disallowance of Claims by Defendant]**

**[11 U.S.C. §502(d)]**

39. Plaintiff hereby incorporates by reference paragraphs 1 through 19 and realleges these paragraphs as though set forth in full.

40. Defendant is an entity from which property is recoverable under 11 U.S.C. § 550 and Defendant received an avoidable transfer under 11 U.S.C. §§ 544 and/or 548.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7777-000/11/Mireles Compalint

6

41. Defendant has not paid the amount or turned over any such Property for which Defendant is liable under 11 U.S.C. § 522(i), 542, 543, 544, 548, 550, and 553 of the Bankruptcy Code.

42. Pursuant to 11 U.S.C. § 502(d), to the extent Defendant files a claim against the Debtor's Estate, such claim should be disallowed.

## VII.    FOURTH CLAIM FOR RELIEF

### [Unjust Enrichment]

### [11 U.S.C. § 105]

43. Plaintiff hereby incorporates by reference paragraphs 1 through 19 and realleges these paragraphs as though set forth in full.

44. The Defendant received a benefit through the Transfer, and Defendant's retention of the Transfer and/or the value of the Transfer, results in unjust retention of said benefit at the Estate's expense.

## VIII.    FIFTH CLAIM FOR RELIEF

### [Declaratory Relief]

### [11 U.S.C. §§ 363, 541, 544; FRBP 7001(9)]

45. Plaintiff hereby incorporates by reference paragraphs 1 through 19 and realleges these paragraphs as though set forth in full.

46. Plaintiff and Defendant herein have a dispute in which a declaration of their respective rights is necessary. Plaintiff is further informed and believes, and thereon alleges, that the said dispute is actual and continuing, and concern an assertion by Defendant that she may have an equitable interest in the Property and may assert claims herein, retain the benefits of illegal or wrongful acts of other defendants herein, and/or adopt and ratify the said illegal and wrongful acts, to the damage and prejudice of Plaintiff.

47. Plaintiff is further informed and believes, and thereon alleges, that the said dispute is actual and continuing, and concerns the continuing assertion by Defendant that she owns the Property as her sole property, to the damage and prejudice of Plaintiff.

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7777-000/11/Mireles Compalint

7

48.     Plaintiff is informed and believes and thereon alleges that prior to the Transfer, title to Property was vested in the Debtor and was community property. Community property is property of the Estate pursuant to 11 U.S.C. § 541(a)(2).

49.     Plaintiff is informed and believes that all appreciation in the Property inures to the benefit of the Estate.

50.     Based on all of the above, Plaintiff respectfully requests from this Court a declaration that the Property is property of the Estate pursuant to Section 541 of the Bankruptcy Code and that the Property must be turned over to be used and sold by the Trustee pursuant to Sections 363 and 542 of the Bankruptcy Code.

51.     The Plaintiff is entitled to declaratory relief related to this cause of action for the recovery of money or property, other than a proceeding to compel the Debtor to deliver property to the Trustee, or a proceeding under 11 U.S.C. §§ 554(b), 725, Rule 2017, or Rule 6002.

## IX.    SIXTH CLAIM FOR RELIEF

### [Turnover]

### [11 U.S.C. § 542]

52.     Plaintiff hereby incorporates by reference paragraphs 1 through 19 and realleges these paragraphs as though set forth in full.

53.     Plaintiff is entitled to use, sell, or lease the Estate's legal and equitable interests in the Property under 11 U.S.C. § 363.

54.     Defendant shall deliver to the Plaintiff, and account for, the Property, or the value of the Property, unless the Property is of inconsequential value or benefit to the Estate.

## X.    PRAYER

**WHEREFORE**, the Trustee respectfully requests that this Court enter judgment as follows:

1.      Avoiding the Transfer, and declaring that said Transfer be annulled and rendered void as a fraudulent transfer, and entering an order recovering and preserving the Transfer for the benefit of the Estate, or the value of said Transfer for the benefit of the Estate, together with interest thereon at the legal rate from the date of the Transfer;

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7777-000/11/Mireles Compalint

8

2.      Disallowance of any claims of the Defendant if she fails or refuses to turn over the Property, and/or the value of the Property, pursuant to 11 U.S.C. § 502(d);

3.      Declaring that the Defendant was unjustly enriched by the Transfer, and entering an order recovering and preserving the Transfer for the benefit of the Estate, or the value of the transfer for the benefit of the Estate, together with interest thereon at the legal rate from the date of the Transfers;

4.      Stating a declaration that the Property is property of the Estate pursuant to Section 541 of the Bankruptcy Code;

5.      Granting turnover of the legal and equitable interests in the Property, or the value of the Property, from the Defendant pursuant to 11 U.S.C. § 542;

6.      Finding that all appreciation in the Property inures to the benefit of the Estate;

7.      Alternatively, authorizing the Trustee to sell all interests of the Estate and of the Defendant in the Property under 11 U.S.C. § 363(h);

8.      Awarding the Trustee the costs of suit incurred herein, including attorneys' fees and costs as provided by applicable case law, statute and/or agreement of the parties; and

9.      For such other and further relief as the Court may deem just and proper under the circumstances of this case.

Respectfully submitted,

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

DATED: July 21, 2021      By:    /s/ Brandon J. Iskander
      Lynda T. Bui
      Brandon J. Iskander
      Proposed Attorneys for Plaintiff Charles W. Daff, Chapter 7 Trustee

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7777-000/11/Mireles Compalint

9

# EXHIBIT 1

RECORDING REQUESTED BY ORANGE COAST

AND WHEN RECORDED MAIL THIS DEED AND UNLESS OTHERWISE SHOWN BELOW MAIL TAX STATEMENT TO:

FEDERICO L. MIRELES
MARIA G. MIRELES
565 Iroquois Road
Perris         CA   92570
MAIL TAX STATEMENTS TO

SAME AS ABOVE

PAID Doc. Transfer Tax WILLIAM · CONEALY Riv. 1

RECEIVED FOR RECORD AT 2:00 O'CLOCK DEC 16 1992
Recorded in Official Records of Riverside County, California
William E. Conerly, Recorder
Fees $

TITLE ORDER NO. R-120241-2    ESCROW NO. 5665-D

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
DOCUMENTARY TRANSFER TAX IS $ ...73.70...
☐ computed on full value of property conveyed, or
☒ computed on full value less value of liens or encumbrances remaining at time of sale.
☐ unincorporated area    ☐ city of ..Perris.............., AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, MAYNARD PAIGE

hereby GRANT(s) to  FEDERICO L. MIRELES AND MARIA G. MIRELES, HUSBAND AND WIFE
AS JOINT TENANTS

the following described real property in the ~~city of~~ unincorporated area in the County of Riverside, State of California:

Lot 11, Block "O" of PERRIS HEIGHTS ESTATES, as shown by Map on file in Book 14, pages 72, 73 and 74 of Maps, Records of Riverside County, California.

Dated .... December 04, 1992

MAYNARD PAIGE

STATE OF ~~CALIFORNIA~~ OREGON
COUNTY OF .Lincoln.............. } SS.
On .DECEMBER .9., 1992.......... before me, the undersigned, a Notary Public in and for said State, personally appeared ...MAYNARD PAIGE.........................................

...................................................... personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same.
WITNESS my hand and official seal.

Signature ..........................................
NOTARY PUBLIC IN AND FOR SAID STATE
My Commission Expires .11/05/93

WILLIAM L. MEADE
NOTARY PUBLIC - OREGON

(This area for official notarial seal)

EXHIBIT 1

# EXHIBIT 2

Recording requested by (name):

When recorded mail to
and mail tax statements to:
565 IROQUOIS ROAD

PERRIS CA 92570

**2020-0056601**
02/05/2020 02:29 PM Fee: $ 17.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

Recorder's Use Only    508

# GRANT DEED

**Assessor's Parcel No. (APN):**
326-211-012

**Documentary Transfer Tax: $** 0
If exempt, enter R&T code: _____
Explanation: _____

_Signature of Declarant or Agent determining tax_

**Declaration of Exemption From Gov't Code § 27388.1 Fee**
☐ Transfer is exempt from fee per GC § 27388.1(a)(2):
  ☐ recorded concurrently "in connection with" transfer subject to Documentary Transfer Tax
  ☑ recorded concurrently "in connection with" a transfer of residential dwelling to an owner-occupier
☐ Transfer is exempt from fee per GC 27388.1(a)(1):
  ☐ Fee cap of $225.00 reached   ☐ Not related to real property

For a valuable consideration, receipt of which is hereby acknowledged,

GRANTOR(S) FEDERICO L. MIRELES AND MARIA G. MIRELES
(owners who are signing deed)

HUSBAND AND WIFE AS JOINT TENANTS
(current owner(s) form of title)

hereby grant(s) to GRANTEE(S) PRISCILLA CRYSTAL AYALA MIRELES
(new owners, including current owners if staying on title)

(new owners, continued)

as A SINGLE WOMAN
(new owner(s) form of title)

the following real property in the City of PERRIS

County of RIVERSIDE , California (insert legal description):

LOT 11, BLOCK "O" OF PERRIS HEIGHTS ESTATE, AS SHOWN BY MAP ON FILE IN BOOK 14, PAGES 72, 73 AND 74 OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA

Date: 2/5/2020

_(Signature of declarant)_
FEDERICO L. MIRELES
(Print name)

Date: 2/5/2020

_(Signature of declarant)_
MARIA G. MIRELES
(Print name)

EXHIBIT 2

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____RIVERSIDE_____)

On __FEBRUARY 05,2020__ before me, __REBECA HARO Notary Public__
(insert name and title of the officer)

personally appeared __FEDERICO L. MIRELES AND MARIA G. MIRELES__,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

REBECA HARO
Commission No. 2164315
NOTARY PUBLIC-CALIFORNIA
RIVERSIDE COUNTY
My Comm. Expires SEPTEMBER 9, 2020

EXHIBIT 2

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>CHARLES W. DAFF, solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of MARIA G. MIRELES | **DEFENDANTS**<br>PRISCILLA CRYSTAL AYALA MIRELES, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Lynda T. Bui - Bar No. 201002<br>Brandon J. Iskander - Bar No. 300916<br>SHULMAN BASTIAN FRIEDMAN & BUI LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone: (949) 340-3400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT FOR: 1. AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548, 550, 551; CAL. CIV. CODE §§ 3439.04, 3439.07, 3439.08]; 2. AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548, 550, 551; CAL. CIV. CODE §§ 3439.04, 3439.05, 3439.07, 3439.08, 3439.09]; 3. DISALLOWANCE OF CLAIMS [11 U.S.C. §502(d)]; 4. UNJUST ENRICHMENT [11 U.S.C. § 105]; 5. DECLARATORY RELIEF [11 U.S.C. §§ 541, 544, 548; FRBP 7001(9)]; AND 6. TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. § 542]

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ [4] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ [2] 13-Recovery of money/property - §548 fraudulent transfer
☒ [1] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ [3] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law    ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint                 Demand $

Other Relief Sought

B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>MARIA G. MIRELES | BANKRUPTCY CASE NO.<br>6:21-bk-13110-SC | | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>RIVERSIDE DIVISION | NAME OF JUDGE<br>HONORABLE SCOTT C. CLARKSON | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Brandon J. Iskander | | | |
| DATE<br><br>July 21, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Brandon J. Iskander | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.